IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEWIS LIPNICK and LYNN-JANE                 No. C 11-2028 CW
FOREMAN LIPNICK,
                                            ORDER GRANTING
          Plaintiffs,                       MOTION TO TRANSFER
                                            CASE TO THE
     v.                                     EASTERN DISTRICT
                                            OF VIRGINIA
UNITED AIR LINES, INC. and
DEUTSCHE LUFTHANSA
AKTIENGESELLSCHAFT,

          Defendants.

_____/

INTRODUCTION

     Defendants United Air Lines, Inc. and Deutsche Lufthansa
Aktiengesellschaft move to transfer this action to the Eastern
District of Virginia or, alternatively, to the District of
Columbia.  Plaintiffs oppose the motion.  Having considered the
papers submitted by the parties, the Court finds it in the
interest of justice to GRANT Defendants' motion to transfer the
action to the Eastern District of Virginia.

BACKGROUND

     Plaintiff Lewis Lipnick filed his initial action in the
Superior Court of California.  He asserted claims under the
Convention for the Unification of Certain Rules for International
Carriage by Air (the Montreal Convention) and alleged negligence
against Defendants for injuries he sustained in Munich, Germany,
while embarking on United Air Lines Flight 903 destined for Dulles
International Airport in Chantilly, Virginia.  Defendants removed
the case to district court on the basis of diversity and federal

United States District Court
For the Northern District of California

question jurisdiction.  Plaintiff Lewis Lipnick's wife, Lynn-Jane Foreman Lipnick, joined the action in the First Amended Complaint, alleging damages for loss of consortium.  Plaintiffs are residents of Falls Church, Virginia.  Defendants now move under 28 U.S.C. § 1404(a) to transfer the case.

LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Section 1404(a) accords a district court broad discretion with respect to transferring a case.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988) (citing Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955)).  In assessing whether to exercise its discretion to do so, a district court considers the following:  (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interest of justice. Id.  The Ninth Circuit has identified numerous additional factors a court may consider in determining whether a change of venue should be granted pursuant to § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

**United States District Court**
For the Northern District of California

The burden is on the defendant to show that the convenience of parties and witnesses and the interests of justice require transfer to another district.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).  The Supreme Court has ruled that a Section 1404(a) analysis should be an "individualized, case-by-case consideration of convenience and fairness."  Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).

DISCUSSION

Defendants have met their burden to show that the relevant factors weigh in favor of transferring this case to the Eastern District of Virginia.

The convenience of the parties does not merit much consideration here.  Plaintiffs have chosen to sue in California, and Defendants are corporations with extensive operations in each forum.

The convenience of the witnesses, however, weighs heavily in favor of transfer.  Courts in this district have called "the convenience of witnesses often the most important factor in deciding whether to transfer an action." Getz v. Boeing Co., 547 F. Supp. 2d 1080, 1083 (N.D. Cal. 2008); see also Kina v. United Air Lines, Inc., 2008 WL 5071045, at *6 (N.D. Cal.).  All of Plaintiffs' identified witnesses reside in and around the Eastern District of Virginia, and all but one member of the flight crew on United Air Lines Flight 903 are domiciled in the Eastern District of Virginia.

The interest of justice relates to the use of judicial resources, delay to the parties and the interests of the local court.  See Pratt v. Rowland, 769 F. Supp. 1128, 1133 (N.D. Cal.

1991).  Transferring the case to the Eastern District of Virginia, where cases are resolved more quickly than in the Northern District of California, will reduce delay to the parties.  Because Plaintiffs are Virginia residents, a Virginia court has a greater interest in resolving this dispute than a California court does. Moreover, it is consistent with the interest of justice to transfer a case when the litigation has not progressed very far, as is the case here.  See Unisys Corp. v. Access Co., Ltd., 2005 WL 3157457, at *6 (N.D. Cal.).

The additional Ninth Circuit considerations also favor transfer.

There is no evidence that one forum is more, or less, familiar with the Montreal Convention; and California law does not apply to this case except in a choice-of-law analysis.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 244 n.8 (1981).  Although Plaintiffs cite Kruger v. United Air Lines, Inc., 481 F. Supp. 2d 1005 (N.D. Cal. 2007), to support the contention that substantive California law should apply here, it only applied in Kruger because the incident giving rise to that cause of action occurred during a flight between San Francisco, California, and Seattle, Washington.

The plaintiffs' choice of forum, which is normally accorded significant weight, is diminished in importance where the chosen venue neither is the plaintiffs' residence nor has a significant connection to the activities alleged.  Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968).  The parties' contacts with the respective forums, both generally and in connection with the cause of action, are more closely tied to

United States District Court
For the Northern District of California

4

1  Virginia than to California.  Plaintiffs are residents of

2  Virginia, and the operative facts occurred while one of them

3  embarked on a flight from Munich, Germany to Chantilly, Virginia.

4       The availability of compulsory process to compel the

5  attendance of unwilling witnesses favors moving the case to the

6  Eastern District of Virginia.  With rare exception, the Court's

7  subpoena power only extends outside of its district if the place

8  of service is "within 100 miles of the place specified for the

9  depositions, hearing, trial, production or inspection."  Fed. R.

10 Civ. P. 45(b)(2)(B).  All identified witnesses lie outside of this

11 Court's reach but within the subpoena power of the Eastern

12 District of Virginia.

13      While ease of access to documentary information may be the

14 same between the two forums, moving the case to the Eastern

15 District of Virginia allows for easier access to witness

16 testimony.

17                             CONCLUSION

18      For the foregoing reasons, Defendants' motion to transfer the

19 case to the Eastern District of Virginia is GRANTED.

20      IT IS SO ORDERED.

21

22 Dated:                          _____
                                   CLAUDIA WILKEN
23                                 United States District Judge

24

25

26

27

28

United States District Court
For the Northern District of California